**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109130

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ELENI P XIKIS,<br><br>Plaintiff,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

ELENI P XIKIS (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against GC Services Limited Partnership (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Texas.

4. Venue is proper under 28 U.S.C. §1391(b) because Defendant resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to this

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

1

claim occurred in this Judicial District.

    5.    At all relevant times, Defendant conducted business within the State of Texas.

## PARTIES

    6.    Plaintiff is an individual who is a citizen of the State of New York.

    7.    Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

    8.    On information and belief, Defendant's principal place of business is located in Houston, Texas.

    9.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

    10.    Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

    11.    Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

    12.    Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

    13.    At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

    14.    In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence annexed hereto as "Exhibit 1."

    15.    Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

    16.    As set forth in the following Counts, Defendant's communication violated the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692f**

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

19. 15 U.S.C. § 1692f(8) limits the language and symbols that a debt collector may place on envelopes it sends to consumers.

20. 15 U.S.C. § 1692f(8) prohibits a debt collector from using any language or symbols on the envelope, other than the debt collector's address, when communicating with a consumer by mail, except that a debt collector may place its business name on the envelope if such name does not indicate that the debt collector is in the debt collection business.

21. 15 U.S.C. § 1692f(8)'s prohibition applies to language and symbols both on the envelope, and language and symbols visible through any glassine window of the envelope. *See, Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir 2014).

22. Defendant used language other than Defendant's address and business name, on the envelope it sent to Plaintiff.

23. Defendant has violated § 1692f by using language other than Defendant's address and business name, on the envelope it sent to Plaintiff.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

24. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

25. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

26. 15 U.S.C. § 1692g(a)(3) requires Defendant to set forth "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

27. Defendant's letter states, "Unless you, within thirty (30) days after your receipt of GC Services' initial written notice to you concerning this debt, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by GC Services."

28. Defendant's addition of the words "after your receipt of GC Services' initial written notice to you concerning this debt" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would lead the "least sophisticated consumer" or "unsophisticated consumer" to believe there was a prior initial written communication from Defendant.

29. Defendant's addition of the words "after your receipt of GC Services' initial written notice to you concerning this debt" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would confuse the "least sophisticated consumer" or "unsophisticated consumer" concerning the time frame to dispute the debt or seek validation of the debt.

30. Defendant's addition of the words "after your receipt of GC Services' initial written notice to you concerning this debt" to the disclosure required by 15 U.S.C. § 1692g(a)(3) is confusing.

31. Defendant's addition of the words "after your receipt of GC Services' initial written notice to you concerning this debt" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the "least sophisticated consumer" or "unsophisticated consumer" uncertain as to her rights.

32. Defendant's addition of the words "after your receipt of GC Services' initial written notice to you concerning this debt" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the "least sophisticated consumer" or "unsophisticated consumer" confused as to her rights.

33. For the foregoing reasons, Defendant has violated § 1692g.

## JURY DEMAND

34. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of $1,000.00; and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

      b.      Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

      c.      Plaintiff's actual damages; and

      d.      Plaintiff's costs; together with

      e.      Such other relief that the Court determines is just and proper.

DATED: May 28, 2015

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_____
Craig B. Sanders Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 109130